IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CENTRAL LABORERS PENSION WELFARE AND ANNUITY FUND, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 3:05-cv-432-MJR |
| RIVER BEND CONTRACTORS, INC., | ) ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Michael J. Reagan pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Consent Motion for Entry of a Turnover Order (Doc. 34).  For the reasons set forth below, it is **RECOMMENDED** that the motion be **GRANTED** and that the Court adopt the following findings of fact and conclusions of law:

FINDINGS OF FACT

On October 31, 2005, an entry of default judgment was entered in favor of Plaintiff Central Laborers' Pension Welfare & Annuity Funds ("Plaintiff"), and against Defendant River Bend Contractors, Inc. ("River Bend"), in the amount of sixty-three thousand three-hundred eighty-eight dollars and thirty-nine cents ($63,388.39) (Doc. 8).  During the approximately eighteen months of supplementary proceedings that followed, Burling Builders, Inc., located at 2850 South Michigan Avenue, Chicago, Illinois, was identified as a third-party creditor of defendant and is currently holding assets, or funds due and owing to Defendant in the amount of forty-nine thousand six-hundred thirty-six dollars and thirty-eight cents ($49,636.38).  On June 22, 2007, the parties settled the instant matter and, as part of the terms of that settlement,

Defendant agreed to the turnover of funds from Burling Builders to Plaintiff (Doc. 34 at ¶ 9). The parties agreed those funds would be used as a partial payment towards the total amount agreed to in the settlement (Doc. 34 at ¶ 9). The present motion seeks a turnover order from this Court directed at Third-Party Creditor Burling Builders, Inc., which orders Burling Builders to turn over to Plaintiffs the $49,636.38 owed to Defendant as partial satisfaction of the judgment entered in its favor. Defendants have not filed a response to the motion and the time for a response has passed.

## CONCLUSIONS OF LAW

The process to enforce a judgment for the payment of money in a supplementary proceeding follows the practice and procedure of the state in which the district court is held. FED. R. CIV. P. 69(a). In Illinois, judgment debtors collect their relief via citations by executing a citation to discover assets pursuant to 735 ILCS 5/2-1402(a). Ericksen v. Rush Presbyterian St. Lukes Medical Center, 289 Ill.App.3d 159, 166-67, 682 N.E.2d 79, 84 (5th Dist.1997). The Court is then empowered to order that non-exempt assets discovered in this proceeding be turned over to the judgment debtor. 735 ILL. COMP. STAT. § 5/2-1402. Proceedings to enforce judgments are meant to be swift, cheap, informal. Resolution Trust Corp. v. Ruggiero, 994 F.2d 1221, 1226 (7th Cir. 1993).

In this case, the parties appear to agree that Burling Builders, Inc., currently owes the sum of $49,636.38 to Defendants, and that these funds should be ordered turned over to Plaintiff. When a judgment creditor seeks to collect from a third party who is not the judgment debtor, the record must show that the third party holds assets of the judgment debtor in order for the court to possess jurisdiction to order the third party to produce those assets to satisfy the judgment. Id. In

support of its motion, Plaintiff attached a series of e-mail exchanges that indicate that River Bend agreed to pay Defendant $49,636.38 (Doc. 34-2).

Accordingly, the Court **RECOMMENDS** that Plaintiff's Motion for Entry of a Turnover Order in the amount of $49,636.38 against Third-Party Creditor Burling Builders, Inc., be **GRANTED.**

## CONCLUSION

Therefore, for the reasons set forth above, it is **RECOMMENDED** that the Motion for Entry of a Turnover Order (Doc. 34) be **GRANTED**, that Third-Party Creditor Burling Builders, Inc., be ordered to turnover to Plaintiff the $49,636.38 that Burling Builders owes Defendant, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.  Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: August 9, 2007**

                                             s/ *Donald G. Wilkerson*
                                             **DONALD G. WILKERSON**
                                             **United States Magistrate Judge**